

**FILED**
MAY 2 8 2008
May 28 2008
Judge Samuel Der-Yeghiayan
U.S. District Court

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 456 |
| vs. | ) | Judge Der-Yeghiayan |
| | ) | |
| CHRISTIAN CARRILLO DEL TORO | ) | |

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant CHRISTIAN CARRILLO DEL TORO, and his attorney, IRVING MILLER, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2. The superseding indictment in this case charges defendant with conspiring to knowingly and intentionally possess with intent to distribute and distribute in excess of 5 kilograms of mixtures containing cocaine and in excess of 1 kilogram of mixtures containing heroin, in violation of Title 21, United States Code, Section 846 (Count One); knowingly and intentionally possessing with intent to distribute in excess of 1 kilogram of mixtures containing heroin, in violation of Title 21, United States Code, Section 841(a)(1) (Count Two); and being an alien illegally and unlawfully in the United States in knowing possession of a firearm and ammunition in and affecting interstate commerce, in violation of Title 18, United States Code, Section 922(g)(5)(A) (Count Four).

3. Defendant has read the charges against him contained in the superseding indictment, and those charges have been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

### Charge to Which Defendant is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Count One of the superseding indictment. Count One charges defendant with conspiring to knowingly and intentionally possess with intent to distribute and distribute in excess of 5 kilograms of mixtures containing cocaine and in excess of 1 kilogram of mixtures containing heroin, in violation of Title 21, United States Code, Section 846. In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

### Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charge contained in Count One of the superseding indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt and relevant conduct beyond a reasonable doubt, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

Defendant, CHRISTIAN CARRILLO DEL TORO, admits that from on or before July 11, 2007, until on or about July 18, 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, he and co-defendant Angel Rosario ("Rosario"), conspired with

2

each other and other persons known and unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute and distribute a controlled substance, namely in excess of 5 kilos of mixtures containing cocaine, a Schedule II Narcotics and Controlled Substance, and in excess of 1 kilo of heroin, a Schedule II Narcotics and Controlled Substance, in violation of Title 21, United States Code Section 841(a)(1) and in violation of Title 21 United States Code Section 846. Defendant admits that in furtherance of the conspiracy, he knew that Individual A rented a house in Chicago to store illegal narcotics ("the stash house"). Defendant admits that he frequented the stash house on several occasions, sometimes with Individual A, sometimes with Rosario, and sometimes with both individuals, as well as with others. Defendant admits that on one occasion prior to July 18, 2007, he was in possession of approximately 4.9 kilograms of heroin, wrapped in six plastic packages, which he took to the stash house for purposes of storing the heroin there. Defendant stored the packages of heroin in a recessed cabinet under a counter in the kitchen of the stash house. Defendant further admits that on one occasion prior to July 18, 2007, after he had stored the 4.9 kilograms of heroin in the recessed cabinet, defendant and Rosario were both at the stash house, and defendant showed Rosario how to access the recessed cabinet with a wire hanger. Defendant also instructed Rosario that when Rosario obtained drugs on behalf of the conspiracy, Rosario should store the drugs in the recessed cabinet where defendant previously had placed the 4.9 kilograms of heroin.

Defendant admits that he knew that Individual A also rented an apartment where defendant lived with Rosario ("the apartment"), and where defendant slept in the first-floor bedroom. Defendant knew that prior to July 18, 2007, in furtherance of the conspiracy, Individual A brought money counters to the apartment and also periodically brought large sums of money to the apartment. Defendant used the money counters to help count and separate the money, which he understood to be the proceeds of drug transactions. Defendant admits that he also kept a ledger, in which he recorded all expenses associated with the conspiracy, for purposes of reimbursement by Individual A.

Defendant admits that prior to and on July 18, 2007, he knew Individual A had arranged for Rosario to pick up a shipment of approximately 45 kilograms of cocaine. On July 18, 2007, defendant had a conversation with Individual A about providing money to Rosario for Rosario to give to the person who had delivered the 45 kilograms of cocaine to Rosario, as part of a fee for engaging in the drug transaction. Defendant admits that when Rosario returned to the apartment later that day after storing the 45 kilograms of cocaine in the stash house, defendant was waiting at the apartment. Defendant then provided Rosario with approximately $1,200, for Rosario to give to the drug courier, as part of his fee. On that date, defendant also took from Rosario a receipt for duffle bags that Rosario had purchased to transport the 45 kilograms of cocaine, for purposes of keeping track of the costs incurred in furtherance of the drug conspiracy, in order to obtain reimbursement by Individual A.

Defendant further admits that at all relevant times, he has been an alien illegally and unlawfully in the United States. Prior to and on July 18, 2007, defendant possessed a firearm, namely a Bryco, model Jennings 9, semiautomatic handgun, bearing serial number 1510240, which was loaded with a magazine bearing 12 rounds of 9 mm ammunition, which firearm and certain ammunition was in and affecting interstate and foreign commerce, in that these items had traveled in interstate and foreign commerce prior to defendant's possession of the firearm and ammunition. Defendant kept this firearm and ammunition in his bedroom at the apartment.

## Maximum Statutory Penalties

7. Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

   a. A maximum sentence of life imprisonment, and a statutory mandatory minimum sentence of 10 years. Pursuant to Title 18, United States Code, Section 3561, defendant may not be sentenced to a term of probation for this offense. This offense also carries a maximum fine of $4,000,000. Defendant further understands that the judge also must impose a term of supervised release of at least five years, and up to any number of years, including life.

   b. In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

## **Sentencing Guidelines Calculations**

8.     Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9.     For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a.     **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2007 Guidelines Manual.

b.     **Offense Level Calculations.**

i.     The base offense level for the charge in Count One of the superseding indictment is 36, pursuant to Guideline §§2D1.1(a)(3) and (c)(2), because the amount of controlled substances involved in the offense for which defendant is accountable is at least 4.2 kilograms heroin and at least 45.3 kilograms cocaine. Pursuant to the drug equivalency table set forth in Guideline §2D1.1, Commentary No. 10, these controlled substances are equivalent to approximately 13,600 kilograms of marijuana.

ii.     The government seeks an additional two-level enhancement in the offense level under Guidelines §2D1.1(b)(1), providing for such an enhancement where

the defendant possessed a dangerous weapon in connection with the defendant's violation of Title 21, United States Code, Sections 841(a)(1) and 846. The defendant objects to this enhancement. Both parties are free to argue their position to the Court.

       iii.    Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

       iv.    In accord with Guideline §3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

    c.    **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the

7

government, defendant's criminal history points equal zero and defendant's criminal history category is I.

      d.    **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the government's position is that the anticipated offense level is 35, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory Sentencing Guidelines range of 168 to 210 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose. Defendant's position is that the anticipated offense level is 33, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory Sentencing Guidelines range of 135 to 168 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose. Defendant also acknowledges that he is subject to a statutory minimum sentence of 10 years' imprisonment.

      e.    Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation

officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

      f.      Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

## **Agreements Relating to Sentencing**

10.    The government agrees to recommend that sentence be imposed within the applicable guidelines range and to make no further recommendation concerning at what point within the range sentence should be imposed. Defendant agrees to recommend any sentence he deems appropriate under the law.

11.    It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

9

12. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

13. After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the superseding indictment as to this defendant.

### Forfeiture

14. The superseding indictment charges that the defendant has subjected a firearm, one Bryco, model Jennings 9, semiautomatic handgun bearing serial number 1510240, one magazine bearing twelve rounds of 9 mm ammunition and one Bryco, model 59, 9 mm semiautomatic handgun bearing serial number 942717 and 53 rounds of 9 mm ammunition of varying manufacturers contained within a plastic bag, all subject to forfeiture as a result of the violations alleged in the superseding indictment. By entry of a guilty plea to Count One in the superseding indictment, defendant understands that these items shall be forfeited to the United States for disposition according to the law. Prior to sentencing, defendant agrees to the entry of a preliminary order of forfeiture relinquishing any right, title, or ownership interest he has in the above property. Defendant is unaware of any third parties who have valid claims to the property identified as the Bryco, model 59, 9 mm semiautomatic handgun bearing serial number 942717 and 53 rounds of 9 mm ammunition of varying manufacturers contained within a plastic bag. Defendant is aware that third parties may have

claims to the property identified as the Bryco, model Jennings 9, semiautomatic handgun bearing serial number 1510240, one magazine bearing twelve rounds of 9 mm ammunition subject to forfeiture, but defendant's interest in the property exists because defendant was given this property without condition and had kept this property in his possession for some time without any third party demands for its possession.

15. Defendant understands that forfeiture of this property shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

16. Defendant further acknowledges that on or about July 18, 2007, administrative forfeiture proceedings were commenced against certain property, including $368,655.00 in United States currency. Defendant relinquishes all right, title, and interest he may have in this property and understands that declarations of forfeiture have been or will be entered, extinguishing any claim he may have had in the seized property.

## Presentence Investigation Report/Post-Sentence Supervision

17. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

18. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

19. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 07 CR 456-2.

20. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District

of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

21.　Defendant understands that by pleading guilty he surrenders certain rights, including the following:

　　a.　**Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

　　　　i.　The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

　　　　ii.　If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

　　　　iii.　If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after

hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the superseding indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

   iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

   v. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

   vi. At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

   vii. At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

  b. **Appellate rights.** Defendant further understands he is waiving all

appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 10 calendar days of the entry of the judgment of conviction.

  c. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

## Other Terms

22. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

23. Defendant understands that the government has the right to seek defendant's truthful testimony before a grand jury or a district court.

## Conclusion

24. Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

25. Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the

event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

26. Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

27. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

28. Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: May 28, 2008

_Victoria J. Peters for PJF_
PATRICK J. FITZGERALD
United States Attorney

_Cristian R. Carrillo del Toro_
CHRISTIAN CARRILLO DEL TORO
Defendant

_SMecklenburg_
SHERI H. MECKLENBURG
Assistant U.S. Attorney

IRVING MILLER
Attorney for Defendant